IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.K. Wade,<br><br>   Plaintiff,<br>   vs.<br><br>American Federation of Government Employees,<br><br>   Defendant._____ / | No. C 06-4751 MEJ<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

## I. INTRODUCTION

Before this Court is Plaintiff's Application to proceed *In Forma Pauperis* filed on August 7, 2006. Having reviewed the plaintiff's papers, the statutory and case law authority, the Court HEREBY DENIES Plaintiff's application to proceed *In Forma Pauperis*.

## II. BACKGROUND

On August 7, 2006, Plaintiff E.K. Wade (hereinafter Wade) filed a complaint against Defendant American Federation of Government Employees (hereinafter AFGE) for Breach of Duty of Fair Representation." (Compl. at 1.) In addition, Wade has filed a consent to assignment, an application to proceed *In Forma Pauperis,* and a responses to interrogatories.

The complaint alleges that AFGE offered to assist Wade in his "appeals to the Merit System Protection Board" against the U.S. Department of Labor "DOL". (Compl. at 2.) Wade claims AFGE breached their duty of fair representation when they refused to assist Wade in his appeals against the

DOL.  Wade seeks damages resulting from AFGE's breach.

## III. DISCUSSION

**A. LEGAL STANDARD**

Under 28 U.S.C. § 1915(a)(1) a person submitting the application to proceed *In Forma Pauperis* must include a statement of all assets demonstrating the person is unable to pay the court costs and fees.

Under Civil Local Rule 3-10 (b) of the Northern District of California the application must contain: (1) a request to proceed *In Forma Pauperis*, (2) an affidavit or declaration providing the information required under Title 28 U.S.C. § 1915, and (3) a proposed order.

**B. INDIGENCY REQUIREMENT**

Civil Local Rule 3-10 (b) requires a declaration demonstrating financial need in accordance with 28 U.S.C. § 1915(a)(1).  When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty."  *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976).  The court requires a statement demonstrating financial need in order to justify waiving the court fees.  Here, the affidavit accompanying the application to proceed *In Forma Pauperis* did not contain all necessary financial information.  The Court subsequently required Wade to submit a more particularized financial statement.  On September 25, 2006, Wade submitted answers to the Court's interrogatories regarding his financial status.

The policy for allowing plaintiffs to proceed *In Forma Pauperis* is to protect litigants from abandoning "what may be a meritorious claim in order to spare himself complete destitution."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948).  The Supreme Court has held "an affidavit [to proceed *In Forma Pauperis*] is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents' with the necessities of life."  *Id.,* at 339.  The Courts filing fee for a civil case is $350.  Wade's income totals approximately $30,400 a year or $2,500 a month.  Wade's expenses for rent, food,

utilities and clothing total approximately $1,645 a month. (Application to proceed *In Forma Pauperis* at 1.) Wade's monthly debt payments total approximately $200 a month. The income minus necessities expenses and debt payments leaves a balance of approximately $655 a month. This amount is sufficient to require Wade to pay the court fees involved in litigation. The other monthly expenses listed by Wade are not considered by this court as necessities of life for consideration in an *In Forma Pauperis* application. Therefore, Wade's income is sufficient to require him to pay the court costs and fees without depriving Wade of the ability to pay for his necessities of his life.

Prior cases have used the poverty level set by the United States Department of Health and Human Services as an additional measure in determining whether plaintiff's poverty to proceed *In Forma Pauperis*. See *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305 (11th Cir. 2004). According to the U.S. Department of Health and Human Services, the poverty level for 2006 for a single person with no dependants is $9,800 or $816.67 a month. *Annual Update of the HHS Poverty Guidelines*, 71 Fed. Reg. 3848 (U.S. Dep't of Health and Human Services 2006). Based on the financial statements, Wade's monthly income is approximately $2533.35 or $30,400.20 a year. (Answer to Interrogatories at 1-2.) Wade's income is well above the poverty line established by the U.S. Dep't of Health and Human Services. Therefore, Wade's income is sufficiently above the poverty line that without hardship he can pay the court costs and fees while still able to pay the necessities of his life.

## CONCLUSION

Accordingly, Wade's Application to proceed *In Forma Pauperis* is HEREBY DENIED pursuant to U.S.C. § 1915(a)(1). Plaintiff shall pay in full all required filing fees. If Plaintiff pays the required filling fees, the clerk shall issue a summons. If Plaintiff fails to pay the required filling fees in full, this action shall be dismissed without further notice to the Plaintiff pursuant to 28 U.S.C. § 1915 (e)(2)(A).

**IT IS SO ORDERED.**

3

Dated: December 12, 2006

_____
MARIA-ELENA JAMES
United States Magistrate Judge

**United States District Court**
For the Northern District of California